UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:99CV-539-H

IN RE: ARM FINANCIAL GROUP, INC.
SECURITIES LITIGATION

**MEMORANDUM AND ORDER**

In October, 2004, Morgan Stanley and its counsel advised Plaintiffs of the existence of certain data tapes containing previously undisclosed e-mails that may be relevant to the current litigation. Plaintiffs have moved (1) to vacate the discovery cut-off, (2) to permit the taking of Rule 30(b)(6) depositions for purposes of assessing sanctions, (3) to preserve the electronic records in a document depository, and (4) that the Court take judicial notice of other court proceedings in Florida.

After notifying Plaintiffs of the potential new discovery information, Defendants agreed to reopen discovery and, for all practical purposes, acknowledged their obligation to pay the cost of that discovery. Defendants are currently attempting to determine the relevant contents of the data tapes. Counsel certainly recognizes its obligation to provide the required discovery and that the circumstances here raise serious concerns. On the other hand Defendants oppose the more onerous aspects of Plaintiffs' various motions.

This Court's primary focus is upon ascertaining that the new data is properly retrieved and made available to Plaintiffs, rather than upon authorizing an immediate search for guilty parties, if any exist. Consequently, the extent of Plaintiffs' requests for relief appear either misdirected or premature. Having reviewed the various memoranda filed by the counsel, the

Court offers the following observations.

The Court expects that Morgan Stanley will be required to pay for the inconvenience and expense occasioned by the late discovery of the data tapes. At an appropriate time, Plaintiffs may apply for the appropriate sanctions regarding its costs and expenses. To divert resources at this time to schedule depositions of Morgan Stanley counsel or others would be counterproductive. Therefore, the request for additional 30(b)(6) depositions is denied at this time. The parties should focus upon completing the required discovery and obtaining the relevant documents.

The Court will take judicial notice of the proceedings in the *Coleman* litigation. As yet, the Court is not certain as to the relevance of those proceedings and Plaintiffs have not specifically requested any particular use of them. Therefore, the request has no significance as yet. Nevertheless, the request for notice of the proceedings is appropriate. The Court will carefully consider a more particular request as necessary.

The parties shall cooperate in the production of the discoverable material contained in the recently disclosed data tapes. As set forth in this order, the parties shall file a report of the results of their work. Defendants shall preserve all original data tapes and shall carefully document all of their discovery efforts. If this work is performed properly, openly and cooperatively with Plaintiffs, the creation of a document repository will be unnecessary.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that on or before **June 17, 2005**, Defendants shall provide a report to the Court that (1) addresses progress toward the production of all discoverable data items, (2) identifies any disagreement among the parties as to the discovery process, and (3)

outlines the steps taken to organize and preserve the discovery items.

IT IS FURTHER ORDERED that the Court will schedule a telephone conference for a date subsequent to June 17, 2005.

IT IS FURTHER ORDERED that all requests for relief other than allowed here are DENIED at this time, subject to renewed motions as appropriate.

cc: Counsel of Record