UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:99CV-539-H

IN RE:          ARM FINANCIAL GROUP, INC.
                SECURITIES LITIGATION

**MEMORANDUM OPINION AND FINAL JUDGMENT**

On August 30, 2006, this Court held a hearing to determine: (1) whether the terms and

conditions of the Stipulation and Agreement of Settlement with Remaining Defendants dated

February 16, 2006 (the "Stipulation") are fair, reasonable and adequate for the settlement of all

claims asserted by the Settlement Class against the Settling Defendants in the complaint now

pending in this Court under the above caption, including the release of the Settling Defendants

and the Released Parties, and should be approved; (2) whether judgment should be entered

dismissing the complaint on the merits and with prejudice in favor of the Settling Defendants

only and as against all persons or entities who are members of the Settlement Class herein who

have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair

and reasonable method to allocate the settlement proceeds among the members of the Settlement

Class; and (4) whether and in what amount to award Plaintiffs' counsel fees and reimbursement

of expenses.  The Court has considered all matters submitted to it.  Notice of the hearing

approved by the Court was mailed to all persons or entities reasonably identifiable, who

purchased ARM Financial Group, Inc. ("ARM") common stock during the period February 10,

1998 through and including August 3, 1999 (the "Settlement Class Period"), except those

persons or entities excluded from the definition of the Settlement Class, as shown by the records

of ARM's transfer agent.  A summary notice of the hearing approved by the Court was published over the *Business Wire* pursuant to the specifications of the Court.

The settlement proposed today adds $3,000,000 to the previous settlement of $1,100,000, for a total settlement of $4,100,000.  The proposal requests attorney's fees and expenses of $1,200,000, plus an additional $330,000 of expenses deducted from the prior settlement.  Thus, the total proceeds to the settling class is approximately $2,570,000; attorney's fees of approximately $974,000; and expenses of approximately $556,000.  The Court finds this to be a most reasonable result, considering the risks and expenses facing both sides.  Moreover, counsel for both sides deserve the Court's praise for the manner in which they have conducted themselves.

Being otherwise sufficiently advised, IT IS HEREBY ORDERED that:

1.      The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Settlement Class Members, and the Settling Defendants.

2.      The Court finds that the prerequisites for a class action under Rules 23(a) and (b)3 of the Federal Rules of Civil Procedure are satisfied because: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Settlement Class Representatives have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient

adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all purchasers of ARM common stock during the period February 10, 1998 through and including August 3, 1999 (the"Settlement Class Period") and who were damaged thereby.  Excluded from the Settlement Class are the Defendants in the Action, members of the immediate families (parents, spouses, siblings, and children) of each of the individuals who were named as defendants in the Action, any entity in which any Defendant has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors and predecessors in interest or assigns of any such excluded party.  Also excluded from the Settlement Class are the persons and/or entities who requested exclusion from the Settlement Class as listed on Exhibit 1 annexed hereto.  Also excluded from the Settlement Class are the putative Settlement Class Members listed on Exhibit 2 annexed hereto, who had previously excluded themselves in accordance with the requirements set forth in the notice of pendency and settlement previously mailed to the Settlement Class.

4.      Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and

entities entitled thereto.

5.     The Settlement is approved as fair, reasonable and adequate, and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6.     The complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby DISMISSED WITH PREJUDICE and without costs, except as provided in the Stipulation, as against the Settling Defendants.

7.     Members of the Settlement Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims (as defined below), that have been or could have been asserted in any forum by the Settlement Class Members or any of them against any of the Released Parties which arise out of or relate in any way to the allegations, transaction, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted in the complaint relating to the purchase of ARM common stock during the Settlement Class Period (the "Settled Claims") against any and all of the Settling Defendants, their past or present subsidiaries, parents, successors, predecessors, general partners, and Metalmark Capital LLC, and all of their respective officers, directors, agents, employees, attorneys, auditors, accountants, and any person, firm, trust corporation, officer, director or other individual or entity in which any Settling Defendant has or

4

had a controlling interest or which is or was related to or affiliated with any of the Settling

Defendants, and the legal representatives, heirs, successors in interest or assigns of the Settling

Defendants (the "Released Parties").  Released Parties does not mean and does not include any

and all of the Previously Settled Defendants, their agents, employees, attorneys, auditors, and

accountants, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), the

Kentucky Insurance Guaranty Association ('KIGA"), and the legal representatives, heirs,

successors in interest or assigns of the Previously Settled Defendants.  Released Parties do not

include ARM or its Estate, or Reliance Insurance Company ("Reliance") or its Estate, and/or the

statutory liquidator for Reliance.  Settled Claims do not mean or include any claims against

Reliance arising out of the Excess Financial Products Insurance Policy No. NDA 0138767-97,

underwritten by Reliance, which policy has a limit of liability of $5,000,000 (the "Excess

Insurance Policy"), which claims the Previously Settled Defendants assigned to Lead Plaintiffs

on behalf of the Settlement Class pursuant to the prior settlement, to the extent, if any, that those

claims run against the Settling Defendants.  The Settled Claims are hereby compromised, settled,

released, discharged and dismissed as against the Released Parties on the merits and with

prejudice by virtue of the proceedings herein and this Memorandum Opinion and Final

Judgment.

        8.      The Settling Defendants and the successors and assigns of any of them, are

hereby permanently barred and enjoined from instituting, commencing or prosecuting, either

directly or in any other capacity, any and all claims, rights or causes of action or liabilities

whatsoever, whether based on federal, state, local, statutory or common law or any other law,

rule or regulation, including both known claims and unknown claims, that have been or could

5

have been asserted in the Action or any forum by the Settling Defendants or any of them or the successors and assigns of any of them against any of the Plaintiffs, Settlement Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (the "Settled Defendants' Claims") against any of the Plaintiffs, Settlement Class Members or their attorneys. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Memorandum Opinion and Final Judgment.

9.      Pursuant to the PSLRA, the Released Parties are hereby discharged from all claims for contribution by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Settled Claims of the Settlement Class or any Settlement Class Member. Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all claims for contribution: (a) against the Released Parties; and (b) by the Released Parties against any person or entity other than any person or entity whose liability to the Settlement Class has been extinguished pursuant to the Stipulation and this Memorandum Opinion and Final Judgment.

10.     Neither this Memorandum Opinion and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)      offered or received against the Settling Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation,

or the deficiency of any defense that has been or could have been asserted in the Action or in any

litigation, or of any liability, negligence, fault, or wrongdoing of the Settling Defendants;

(b)    offered or received against the Settling Defendants as evidence of a

presumption, concession or admission of any fault, misrepresentation or omission with respect to

any statement or written document approved or made by any Settling Defendant, or against the

Lead Plaintiffs and the Settlement Class as evidence of any infirmity in the claims of the Lead

Plaintiffs and the Settlement Class;

(c)    offered or received against the Settling Defendants or against the Lead

Plaintiffs or the Settlement Class as evidence of a presumption, concession or admission with

respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other

reason as against any of the parties to the Stipulation, in any other civil, criminal or

administrative action or proceeding, other than such proceedings as may be necessary to

effectuate the provisions of the Stipulation; provided, however, that Settling Defendants may

refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d)    construed against the Settling Defendants or the Lead Plaintiffs and the

Settlement Class as an admission or concession that the consideration to be given hereunder

represents the amount which could be or would have been recovered after trial; or

(e)    construed as or received in evidence as an admission, concession or

presumption against Lead Plaintiffs or the Settlement Class or any of them that any of their

claims are without merit or that damages recoverable under the complaint would not have

exceeded the Settlement Fund.

11.    The Plan of Allocation is approved as a fair and reasonable method to allocate the

Net Settlement proceeds in this Settlement, and the Claims Administrator is directed to administer the Settlement in accordance with its terms and provisions.

12.   The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.   Plaintiffs' counsel are hereby awarded 40% of the Gross Settlement Fund in fees and in reimbursement of expenses (including for reimbursement of Plaintiff Louis Petrich), which sum the Court finds to be fair and reasonable.  The award of attorneys' fees and expenses shall be allocated among Plaintiffs' counsel in a fashion which, in the opinion of Plaintiffs' co-lead counsel, fairly compensates Plaintiffs' counsel for their respective contributions in the prosecution of the Action.

14.   Plaintiff Louis Petrich is hereby awarded $6,150.00 of the amount awarded in paragraph 13 above.  Such award is for reimbursement of his reasonable costs and expenses (including lost wages) directly related to his representation of the certified class.

15.   Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Memorandum Opinion and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

16.   Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.   There is no just reason for delay in the entry of this Memorandum Opinion and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to

8

Rule 54(b) of the Federal Rules of Civil Procedure.

cc:    Counsel of Record

**EXHIBIT 1**

**List of Persons and Entities Excluded from the Settlement Class in**

**In re ARM Financial Group, Inc. Securities Litigation**

The following persons and entities, and only the following persons and entities, have properly excluded themselves from the Settlement Class in *In re ARM Financial Group, Inc. Securities Litigation*:

Jim St. Clair

6906 Cabot Court

Prospect, Kentucky  40059

**EXHIBIT 2**


**List of Persons and Entities Excluded from the Settlement Class in**

**In re ARM Financial Group, Inc. Securities Litigation**



The following persons and entities previously properly excluded themselves from the

Settlement Class in *In re ARM Financial Group, Inc. Securities Litigation*:


| | |
|---|---|
| James V. Crist | Robert Klinge |
| 247 S. Hwy. 37 | 45 S. Patterson Road |
| Monett, Missouri 65708 | Wayland, Michigan 49348 |